**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 15-cr-00392-LKG-2 |
| | ) | |
| v. | ) | Dated: May 11, 2026 |
| | ) | |
| HALEEM CELESTIAL WHITE, | ) | |
| | ) | |
| Defendant, *pro se.* | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I.    INTRODUCTION

The Defendant *pro se*, Haleem Celestial White, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines (the "Guidelines"). ECF No. 173. This motion is fully briefed. ECF Nos. 173 and 179. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **DENIES** Mr. White's motion to reduce sentence (ECF No. 173); and (2) **DENIES-as-MOOT** Mr. White's motion for appointment of counsel (ECF No. 120).

## II.    BACKGROUND AND PROCEDURAL HISTORY

The Defendant, Haleem Celestial White, is currently serving a 150-month sentence of imprisonment after having been convicted of: (1) interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Counts Two, Three, Four and Five) and (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence (Count Six), in violation of 18 U.S.C. § 924(c). ECF No. 104.

As background, on September 19, 2016, Mr. White pleaded guilty to Counts Two through Five of the Superseding Indictment, charging him with four counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") and Count Six, which charged him with using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Mr. White pleaded guilty pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pursuant to which

1

he and the Government agreed that a sentence of 150 months imprisonment was appropriate in the case. ECF 71 at ¶ 9.

The Presentence Investigation Report ("PSR") states that the advisory Guidelines range under the U.S.S.G. was 110-137 months imprisonment for the four Hobbs Act Robbery counts, plus a consecutive sentence of seven years (84 months) for the Section 924(c) firearm violation. ECF No. 92 at ¶¶ 18 and 86. The advisory Guidelines range for Counts Two through Five was based upon a total offense level of 28 and a total criminal history score of eight, resulting in criminal history Category IV. *Id.* at ¶¶ 53, 60–62. Mr. White received a total of eight criminal history points, because two points were assessed pursuant to U.S.S.G. § 4A1.2(d), which was in effect at the time, and he committed the subject offenses while under a criminal justice sentence. *Id.* at ¶¶ 61 and 62. And so, without this enhancement, Mr. White would have had six criminal history points. ECF 92 at ¶ 60.

The Court held a sentencing hearing on January 12, 2017. ECF No. 103. During the sentencing hearing, the Court accepted the party's agreement as to the sentence, and sentenced Mr. White to 150 months' imprisonment. ECF Nos. 103 and 104.

The 150-month sentence imposed by the Court is lower than the bottom of the advisory Guidelines range, because a sentence of 110 months for Counts Two through Five, plus a consecutive 84 month sentence for Count Six, would result in a sentence of 194 months imprisonment. It is also undisputed that, when applied to this case, Amendment 821 would reduce Mr. White's criminal history points to six, and that his criminal history Category would become III, thereby making the advisory Guidelines range in this case 97–121 months imprisonment for Counts two through Five, plus a mandatory seven year (84 months) consecutive sentence for Count Six.

On January 22, 2024, Mr. White filed a handwritten motion to reduce sentence upon the grounds that his sentencing range has been lowered by the United States Sentencing Commission (the "Sentencing Commission"). ECF No. 173. On August 28, 2024, the Government filed a response in opposition to Mr. White's motion. ECF No. 179.

Mr. White's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.   Motions To Reduce Sentence

Generally, once imposed by the Court, a federal sentence must remain "final" and undisturbed. 18 U.S.C. § 3582(b). But Congress has created a narrow exception to this

general rule for circumstances where the Sentencing Commission retroactively amends the applicable guidelines. In this regard, the Court may reduce a sentence after it has been imposed where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Commission, pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the [Sentencing] Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *United States v. Goines*, 357 F.3d 469, 474 (4th Cir. 2004) ("A defendant is not entitled to the benefit of a substantive amendment that was adopted after the guidelines manual used at the defendant's sentencing unless the Sentencing Commission has designated the amendment for retroactive application."). But, the Court may only reduce such a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 560 U.S. at 825 (quoting 18 U.S.C. § 3582(c)(2)).

In this regard, the United States Court of Appeals for the Fourth Circuit has held that the Court must employ a two-step approach in considering Section 3582(c)(2) motions. "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. Second, the court may grant the authorized reduction after considering the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (internal quotations and citations omitted). And so, "[t]he ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id*. (citations omitted). Any reduction in sentence must also be consistent with applicable policy statements issued by the Sentencing Commission.

### B. Amendment 821

Amendment 821 changed the application of the United States Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero

criminal history points at the time of sentencing.[1]  *See* U.S.S.G. amend. 821.  Part A of this amendment amends Section 4A1.1 of the Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status.  *Id*. at Part A.  Part A also adds a new subsection (e) that adds one criminal-history point for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above.  *Id*.

Part B of Amendment 821 adds a new provision to Chapter Four of the Guidelines, which authorizes a two-offense-level decrease if a defendant has, among other things: (1) zero criminal-history points and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4.  *Id.* at Part B.  Inmates may bring motions seeking a reduction in sentence based upon these new Guidelines provisions, pursuant to 18 U.S.C. § 3582(c)(2).  *See United States v. Stiep*, No. 18-00311, 2024 WL 761897 (W.D.N.C. Feb. 21, 2024).

## IV.   ANALYSIS

In his motion to reduce sentence, Mr. White argues that he is entitled to a reduced sentence, because his sentencing range has been lowered by the Sentencing Commission.  ECF No. 39 at 1–3.  And so, Mr. White requests that the Court reduce his sentence.  *Id.* at 6.

The Government counters that Mr. White is not entitled to a reduced sentence, because the sentence imposed by the Court is lower that what his sentence would be when Amendment 821 is applied to this case.  ECF No. 179.  And so, the Government requests that the Court deny Mr. White's motion.  *Id.* at 3.

For the reasons that follow, Mr. White has not shown that he is eligible for a reduced sentence under Amendment 821.  And so, the Court DENIES Mr. White's motion for reduced sentence.

### A.    The Defendant Is Not Eligible For A Reduced Sentence

As an initial matter,  Mr. White has not shown that he is eligible for a sentence reduction, pursuant to Amendment 821.  Amendment 821 changed the application of the Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing.  *See* U.S.S.G. amend. 821.

In this case, the evidence before the Court makes clear that the 150-month sentence of

---

[1] Amendment 821 is a retroactive amendment to the Guidelines, which went into effect on November 1, 2023.

imprisonment imposed by the Court is lower than the bottom of the advisory Guidelines range, once Amendment 821 is applied.  Notably, when this amendment is applied to this case, Mr. White's criminal history points would reduce from eight to six, and that his criminal history Category would become III.   The resulting Guidelines range would then become 97-121 months imprisonment for Counts Two through Five, plus a mandatory seven year (84 months) consecutive sentence for Count Six.  And so, a bottom of the Guidelines range sentence in this case would be 181 months imprisonment (97+84).  Because this sentence is 31 months above the 150-month sentence imposed by the Court, Mr. White's sentence is not reduced under Amendment 821.

Given this, the Court cannot reduce Mr. White's sentence cannot below 181 months based on U.S.S.G. § 4C1.1.  *See* U.S.S.G. 1B1.10(b)(2)(A) (subject to certain in applicable exceptions, "the Court shall not reduce the Defendant's term of imprisonment under 18 U.S.C. § 3583(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range"); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010), and *United Staes v. Landsdowne*, 349 Fed. Appx. 862 (4th Cir. 2009).  And so, the Court must DENY Mr. White's motion to reduce sentence.

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Mr. White's motion to reduce sentence (ECF No. 173); and

(2) **DENIES-as-MOOT** Mr. White's motion for appointment of counsel (ECF No. 120).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

5